LIBERTY INSURANCE COMPANY OF NEW YORK V.<br>LOUIS EHRLICH.

FILED NOVEMBER 8, 1894.    No. 5273.

**Erroneous Instructions:** REVIEW: HARMLESS ERROR. Where an erroneous instruction has been given, but an examination and consideration of the whole record of the proceedings at the trial of the case in the district court, and more especially the testimony, convinces that the jury were not misled by such instruction to the prejudice of the complaining party, the giving of the defective instruction will not be sufficient reason for reversing the judgment and granting a new trial.

ERROR from the district court of Seward county. Tried below before BATES, J.

*Ed. P. Smith*, for plaintiff in error.

*Norval Bros. & Lowley, contra.*

HARRISON, J.

It appears from the petition filed in this case that on March 20, 1890, the defendant in error applied to the agent

of plaintiff in error for and obtained insurance on his household furniture, goods, etc., then being used by him and his family in their home in Seward, and that on the 15th day of May, 1890, the property insured was damaged and a large portion of it destroyed by fire, in the sum of $507, that proof of loss was duly made, and that all conditions of the policy on his part were performed. The prayer of the petition was for judgment against the company in the sum of $507 and interest from September, 1890. The answer of the company admitted its corporate capacity and the issuance of the policy to defendant in error, covering property alleged in the petition, and denied each and every other allegation of the petition. For further answer to the petition it was stated that by the terms of the policy it was expressly provided that in case of fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, before or after the loss, the policy should be void; that defendant in error had violated this provision of the policy by falsely and fraudulently claiming and representing to the company under oath that quantities of his household goods and wearing apparel of the value of over five hundred dollars were wholly and completely consumed or destroyed by the fire, when but a small portion of the goods were destroyed or damaged, and not to exceed fifty dollars in value; that defendant in error knew such representations to be false at the time he made oath to them, and they were made with the intent to cheat and defraud the company. The reply filed was, in substance, a denial of the allegations of fraud and false swearing contained in the answer. The issues were tried to the court and a jury, a verdict was returned for defendant in error in the sum of $312.13, for which, after overruling a motion for new trial, the court rendered judgment and the case has been removed to this court by petition in error on the part of the company.

The counsel for the company argues but one of the al-

leged errors in the petition in error and states that he relies upon it alone for a reversal of the judgment of the district court and the granting to the company a new trial, viz., that the trial court gave the following instruction on its own motion: "Under the issues made by defendant's answer and plaintiff's reply, the burden of proof is upon the defendant to prove all the material allegations in the second count of this answer by a preponderance of all the evidence; and if you believe from the evidence that the plaintiff included in his proofs of loss which he furnished to the company articles of property and household goods and wearing apparel of the value of over $500 wholly and completely consumed and destroyed by said alleged fire, when in truth and in fact but a small part only of said goods were destroyed, consumed, or damaged by said alleged fire, and that the damage was not to exceed fifty dollars, knowingly and with intent to defraud the company, knowing that he had no right to so do, and falsely swore to said articles and their value with intent to defraud the insurance company, this would avoid the policy and the plaintiff cannot recover in this suit." This instruction, counsel for the company claim, was erroneous, in that it not only informed the jury that if they believed from a preponderance of the evidence that the defendant in error had made 'false proofs of loss, claiming therein the destruction of more property than was actually destroyed or damaged, and this knowingly and with the intent to defraud or cheat the company, before the policy would be avoided and their verdict be for the company, that they must further find that the actual damages to the property did not exceed fifty dollars. That the meaning of this instruction was that although the jury might believe that the plaintiff falsely and knowingly made oath to the proofs of loss and with the fraudulent intent alleged, yet if the jury further believed that the damages exceeded fifty dollars, then the false swearing would not affect the

policy or his right to recover. This instruction was clearly open to the criticism urged against it and should not have been given.

We have closely and carefully examined and compared all the evidence in the case as detailed by the witnesses for the parties, and a full consideration of it convinces us that the jury were not misled or the rights of the plaintiff in error prejudiced by the giving of the fourth instruction, but that the verdict of the jury may be said to have responded fairly to the issues in the case and the testimony introduced bearing upon them. We do not think that the evidence established that the defendant in error made oath to proofs which were false, knowingly and with intent to defraud the company, or the fair inference to be drawn from the finding and verdict of the jury, in that it was less in amount than the sum claimed by defendant in error in the proofs or in his testimony, is that the oath to the proofs was false and made with fraudulent intent. The judgment of the district court is

AFFIRMED.

NORVAL, C. J., not sitting.